THE STANDARD OIL COMPANY, Appellant, *v.* THE TRIUMPH INSURANCE COMPANY, Respondent.

An insurance broker employed by a party to effect insurance for him may be regarded by the insurer as clothed with full authority to act for his principal in procuring, modifying or canceling policies; and his acts in these respects are binding upon his principal.

In an action upon a policy of fire insurance defendant claimed and proved that the policy was surrendered to defendant for cancellation and was canceled before the loss. Plaintiff claimed that such surrender was by mistake. The court, before whom the action was tried, did not find as a fact the mistake claimed, but in the conclusions of law, held that the return of the policy indorsed for cancellation, although by mistake, would defeat the action. Upon settlement of the case plaintiff's counsel requested the judge to find the mistake; this he refused to do. The evidence as to the mistake was not conclusive. *Held,* that upon the report itself the conclusion of law could not be disturbed as it could not be determined therefrom that the court would have found a mistake; that the subsequent refusal so to find was equivalent to a finding against the fact; but if regarded as a refusal to find either way the remedy of the party was by motion to compel a finding.

The policy was obtained by a broker employed by plaintiff. It contained a clause giving defendant power to raise the rate of insurance. Defendant's agent notified the broker that it would raise the rate one per cent. The broker assented and agreed to bring the policy to have it indorsed thereon; this he did not do. Defendant was allowed to prove, under objection, the custom among brokers in the city to consider the matter concluded, unless such indorsement was made, allowing a reasonable time to bring the policy for that purpose. *Held,* no error.

Defendant was permitted to show entries upon the broker's book showing the cancellation of the policy. These were objected to unless evidence was given showing that plaintiff had knowledge of them. The objection was overruled. *Held,* no error; that the evidence was competent as bearing upon the question of mistake and upon the credibility of the broker and his clerks, who were witnesses for plaintiff.

(Argued January 20, 1876; decided February 1, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon a decision of the court on trial without a jury. (Reported below, 3 Hun, 591; 5 T. & C., 300.)

This action was upon a policy of fire insurance. The court found the following facts, among others: That the plaintiff, The Standard Oil Company, employed the Lords, who were brokers in New York city, to secure from the defendants a policy of insurance for $5,000 on its, plaintiff's, property, situate in Kings county; that said Lords were plaintiff's agents for said purpose, and were also plaintiff's agents generally for placing and keeping upon plaintiff's property a large line of insurance. That defendant's agents, Messrs. Burlingame & Rankin, issued said policy May 31, 1872, fixing the premium at the rate of five per cent, and reported the same to defendant at its home office at Cincinnati, Ohio. That it was one of the express conditions of said policy that "if the company shall so elect it shall be optional with the company to cancel this policy, which shall cease on notice being given to the assured, or his or their representatives, of its decision to do so."

It was also another express condition of said policy, that "no insurance, or renewal thereof, shall be considered binding until the actual payment of the premium." No premium was ever paid to defendant or its agents, but plaintiff's agents had an open account with defendant's agents, in which, by an agreement between them, they, plaintiff's agents, entered at the time the policy was issued a credit to defendant's agents of five per cent, which was assented to as satisfactory by the latter, settlements being made between said agents every thirty days. Defendant's agents received instructions from it to have the premium raised to six per cent or cancel the policy; that these instructions were repeated to plaintiff's agents, the Lords, sometime in June, 1872, when said agents of plaintiff assented to said increased rate and agreed to bring the policy to the defendant's agents and have the increased rate indorsed thereon. It was a well known custom and rule with insurance brokers and agents in New York and Brooklyn that where the rate of premium had been increased upon the policy the same must be indorsed upon the policy before the same, under the increased premium, becomes binding.

No entry of the increased premium was made or credit given by the Lords on their books, at the time when the notice was given, that the rate of premium must be increased to six per cent or the policy canceled, or at any time; and the increased premium of one per cent was never paid, tendered or credited by plaintiff or its agents; the Lords never brought the policy to have the increased premium indorsed thereon, and the same never was indorsed upon the policy.

On the twenty-fifth July a messenger from the Lords' office brought said policy to the agents of the defendant, at its office in Brooklyn, saying: "It is returned for cancellation," and defendants' agents received and filed it as a canceled policy. On the policy, in the handwriting of one of the Lords, are these words, "Ret. Co.," which signified "return to the company;" that "Ret. Co." was synonymous with "cancel the policy" in the language and customs of Lords' office. They were used as synonymous terms; that in all of Lords' books the policy on the said twenty-fifth day of July was entered by a clerk of the Lords as canceled, the amount of the original five per cent premium credited back to defendants' agents, and an entry made in said books that the premium was to be returned to plaintiff.

On the thirtieth day of July the plaintiff's property covered by this policy took fire and burned up.

The evidence as to the custom of brokers in case of increase of rate of premium, and as to the entries on the Lords' books, was received under objection and exception. The latter was objected to, unless evidence was given showing that the entries were brought to plaintiff's knowledge.

The court found as conclusions of law the following, among others:

"Without passing upon the question of fact as to whether the agents of the plaintiff intended to cancel the Triumph policy or not, by all that was done by and through them in that behalf, and even if I assume that there was a valid existing contract of insurance prior to the old policy being returned, and that the defendant had waived a payment of the increased

premium and an indorsement of the change upon the policy (and as to this latter assumption the proof was quite the reverse), yet the fact that the policy was returned indorsed for cancellation, although by mistake, and permitted to remain in possession of defendants' agents as a canceled policy until after the fire, is enough to defeat this action.

Assuming that all that was done by the agents of the plaintiff in the return and cancellation of the policy was done by mistake, yet through the negligence and mistake, then, of the plaintiff's agents the defendants' position was altered.

Had this not occurred, the defendants might have procured this policy to be underwritten, used greater diligence in examining the risk, and perhaps have exercised its right to increase the premium or cancel the policy.

There are other grounds equally and perhaps more satisfactory upon which this complaint should be dismissed, but it is unnecessary to allude to them at this time, the decision here being put upon the ground that the plaintiff must bear the loss because it was occasioned by a mistake of its own agent."

Upon the settlement of the case the plaintiff's counsel requested the judge to find that the policy was returned for cancellation by mistake; this he refused to do.

*Samuel Hand* for the appellant. Payment of the premium by the broker to the company was not necessary. (*Angell* v. *Hart. Ins. Co.*, 59 N. Y., 172; *Sheldon* v. *At. Ins. Co.*, 26 id., 460, 465; *Boehm* v. *Williams Ins. Co.*, 35 id., 131; *Post* v. *Ætna Ins. Co.*, 43 Barb., 351; *Chase* v. *Ham. Ins. Co.*, 22 id., 527; *Train* v. *Hol. Ins. Co.*, Ct. Apps., 1875.) There was no sufficient cancellation of the policy. (*Hathorne* v. *Ger. Ins. Co.*, 56 Barb., 28; *McLean* v. *Repb. Ins. Co.*, 3 Lans., 42; *Post* v. *Ætna Ins. Co.*, 43 Barb., 351.) The modification of the original written agreement as to rate, though by parol, was good and binding. *Rhodes* v. *Ins. Co.*, 5 Lans., 71; *Kelly* v. *Ins. Co.*, 10 Bosw., 82; 9 Cow., 115; 4 Barb., 614.) Evidence of usage of bro-

kers was inadmissible, and the usage itself void and not binding on plaintiff. (*Allen* v. *Dykers*, 3 Hill, 503 ; *Higgins* v. *Moore*, 34 N. Y., 425 ; *Callender* v. *Dinsmore*, 55 id., 200 ; *Lawrence* v. *Maxwell*, 53 id., 19 ; *Bradley* v. *Wheeler*, 44 id., 495 ; *Ripley* v. *Ins. Co.*, 30 id., 160 ; *Sipperly* v. *Stewart*, 50 Barb., 62 ; *Boardman* v. *Gaillard*, 1 Hun, 217 ; *Wheeler* v. *Newbold*, 16 N. Y., 192.) Plaintiff was not estopped by the mistake of the broker's clerk. (*Kingston Bk.* v. *Eltinge*, 60 N. Y., 391 ; *Roberts* v. *Fisher*, 43 id., 159.)

*James Emott* for the respondent. Entries in the books of defendant's agent in reference to the cancellation of the policy were properly received in evidence, the agent's knowledge being the knowledge of his principal. (*Bk. of U. S.* v. *Davis*, 2 Hill, 451 ; *Sutton* v. *Dillaye*, 3 Barb., 529 ; 13 Wend, 518 ; *Vail* v. *Rice*, 1 Seld., 155 ; *Goodall* v. *N. Eng. F. Ins. Co.*, 5 Foster [N. H.], 169.) Plaintiff must bear the loss, it having been occasioned by the mistake of his agent. (Story on Ag., §§ 134, 135, 451, 452 ; 1 Greenl. Ev., § 113 ; *Sharp* v. *Mayor*, 40 Barb., 256 ; *Jeffrey* v. *Bigelow*, 13 Wend., 518 ; *Anderson* v. *Coonley*, 21 id., 279 ; 3 Duer, 241 ; 44 Barb., 471 ; 45 id., 611 ; *Xenos* v. *Wickham*, 13 C. B. [N. S.], 381.) The company had the right to cancel the policy within reasonable time after notice of the increase of premium. (*McLean* v. *Repb. F. Ins. Co.*, 3 Lans., 421.)

Church, Ch. J. The case is presented by the record in a somewhat unusual manner. The learned judge arrived at a conclusion of law upon the assumption of facts which he did not find, and which afterwards, upon the settlement of the case, upon being specifically requested, he refused to find. The general fact thus assumed, but not found in the original report, and which the judge afterwards refused to find upon request, was, that the policy upon which the action was brought was returned for cancellation by mistake. This is the vital fact to sustain the plaintiff's action. The broker, Lord, must be regarded as the plaintiff's agent. The defend-

ant's agents so regarded him, and were justified in regarding him as clothed with full authority to act for the plaintiff in procuring, modifying or canceling the policy in question, and his acts in respect to the policy are the same as if done by the plaintiff. (106 Eng. Com. Law, 381; 13 Wend., 518; 21 id., 279; Story on Agency, §§ 134, 135, 451, 452; 35 Barb., 463.)

The fact is found that, after procuring the new policy for $10,000 from the Amazon Company, Lord returned the policy in question to defendant, with instructions to cancel the same, and that it was accepted and treated as canceled. If this was not done by mistake, it was final upon the parties, and there is no ground upon which the action can be maintained. If the case had been presented upon the original report of the judge, there would have been some plausibility for asking this court to assume the same facts which the judge did. The general rule is, that every presumption is to be indulged in favor of a judgment, and that this court will not look into the evidence to find a fact for the purpose of reversing a judgment. A party who relies upon facts not found has ample remedy. He may request a finding as to such facts, and if they are conclusively proved, an exception to a refusal to find will be available; if not conclusively proved, a motion may be made to the court below to compel a finding, and a denial of such a motion is reviewable on appeal to this court.

We could not determine from the original report that the judge would have found a mistake in returning the policy, and it is difficult to see how we could have disturbed the conclusion of law upon the report itself. This difficulty is greatly increased by the refusal afterwards to find the fact when specifically requested. I understand this refusal to be tantamount to a finding against the fact, but if it is regarded as a refusal to find either way upon the question, then the remedy of the party was by motion to compel a finding one way or the other. It cannot be claimed that the fact was conclusively proved. A decision or verdict against the fact

would not be set aside as against evidence. It depends upon the credibility of witnesses, and upon inferences to be drawn from the acts and conduct of the parties, as to which honest men might differ. We are called upon to assume the alleged fact of mistake to be true. I am not aware of any rule or precedent justifying this court in reversing a judgment upon a fact which a judge or referee has expressly refused to find, and which is not conclusively proved. Upon all the facts found, the result arrived at was clearly right. Nor do I find any error committed on the trial.

The evidence of a custom among those engaged in insurance business was not inadmissible. It was competent, at least, to explain the conduct of the parties, and how they regarded the verbal arrangement for an increase of premium, and the acts necessary to be done to consummate it. So the entries made upon Lord's books were competent as bearing upon the fact of a mistake, and upon his credibility and that of his clerks.

It is not intended to intimate an opinion adverse to the decision of the court below upon the assumption that a mistake was committed in returning the policy. The case is not in a situation justifying this court in assuming the fact, and it is therefore unnecessary to pass upon the legal question.

The judgment must be affirmed.

All concur.

Judgment affirmed.