MARY STORY, Respondent, *v.* THE WILLIAMSBURGH MASONIC MUTUAL BENEFIT ASSOCIATION, Appellant.

S. married the plaintiff in 1854 and continued to live with her as his wife until his death in 1880 ; he became a member of defendant's association in 1870 ; its object, as stated in its constitution, is to "provide for the relief of widows, orphans and heirs of deceased members," and it was provided in its by-laws that upon the death of a member a sum specified should be paid to his widow ; if none, then to his children; if no children, then to persons therein provided for. In 1878 defendant issued to S. a certificate certifying that in accordance with the "by-laws and articles of association," his wife (naming the plaintiff) was designated as his beneficiary of all funds due him in case of his death. Plaintiff knew of this provision and paid herself most of the assessments against S. In an action to recover the sum so due, the defense was that plaintiff was not the lawful wife of S. as he had when they married another wife living. *Held*, that this was immaterial ; that the by-law did not limit the power of the company so as to prevent it from recognizing as the beneficiary a person designated by a member as his wife ; that the certificate operated as an assent upon the part of defendant to such a designation of the plaintiff, and entitled her upon the death of S., in the absence of any other appointment to or any repudiation of the arrangement by either of the parties, to demand and receive the fund.

Also *held*, that the non-disclosure by S. of the prior marriage was not a fraud upon defendant, nor did such designation contravene its policy or objects.

The trial court ruled against plaintiff upon this point, and the jury found that she was the lawful wife of S. *Held*, that assuming the finding to have been erroneous, the judgment should be affirmed upon the facts above stated.

(Argued March 12, 1884 ; decided April 15, 1884.)

APPEAL from judgment of the General Term of the Supreme

Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover a sum to which plaintiff claimed herself entitled as the widow of Robert Story, deceased, who was at the time of his death a member of defendant's association.

The material facts appear in the opinion.

*C. L. Lyon* for appellant.

*J. Stewart Ross* for respondent. Plaintiff was entitled to recover even if it had been proven that she was not the lawful wife of Robert Story. (*Dewitt* v. *Walton*, 9 N. Y. 571; *Pamfully* v. *Phelps*, 40 id. 59–67; *Spencer* v. *Field*, 10 Wend. 87; *Morse* v. *Livingston*, 4 N. Y. 208–210; *Townsend* v. *Corning*, 23 Wend. 436; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 70; Green's Brice's Ultra Vires, 729, note a, 734.)

ANDREWS, J. The jury found that the plaintiff was the lawful wife of Robert Story. It is claimed by the appellant that the evidence conclusively established the marriage of Robert Story to one Hannah Wright, who is still living, in the parish church of Walsall, England, in 1852, and that the marriage was never dissolved during the life-time of Robert, but remained in full force at the time of his death in 1880.

We deem it unnecessary to examine the evidence with a view to determine whether there was any real conflict of testimony upon the issue whether the husband of Hannah Wright was the same Robert Story whom the plaintiff married at Wolverhampton, England, in 1864. That question is only material on the assumption that the plaintiff, in order to maintain the action, must have been the lawful wife of the insured. We are of opinion that the defendant's liability does not depend upon that circumstance.

It is conceded that Robert Story, in 1870, became a member

of the defendant's association, and so continued until his death. During this period he continued to live with the plaintiff as his wife, as he had done, since their marriage in 1864. The object of the defendant's association, as described in the constitution, was to provide for the relief of widows, orphans and heirs of deceased members. The by-laws declare that within sixty days after the death of a member, the board of directors shall cause to be " paid over to his widow, and if no widow, then to his children 'or their legal custodian, and if no children, then to the person or persons (herein provided for) entitled to receive the same, as many dollars as there were members who paid the last assessment." In June, 1878, several years after Robert Story became a member of the association, the company issued to him a certificate, certifying that he was a member of the association, and that, in accordance with the requirement of the "by-laws and articles of corporation," his wife, Mary Story, was designated as his beneficiary of all funds due and payable by the association in case of his death. The certificate was executed by the president, secretary and treasurer of the corporation, under the corporate seal. The plaintiff testified that she knew of the insurance, and that with one or two exceptions she paid the assessments out of money she had earned by sewing, and this evidence was uncontroverted.

We think the instrument of June, 1878, operated as an assent by the association to the appointment of the plaintiff as beneficiary of the fund which should become payable on the death of Robert Story, and entitled her, upon his death, in the absence of any other or different appointment, to demand and receive it. It may be true that the by-law, which prescribes the obligation and duty of the association on the death of a member, contemplated a payment to the person who should be the lawful widow of a deceased member. But this was not a limitation of the power of the company so as to prevent it from recognizing as the beneficiary, a person who might be designated by the member as holding to him the relation of

wife. Such designation made during the life-time of the member and assented to by the company, until changed by the mutual agreement of the member and the company, or at least until the arrangement was repudiated by one of the parties thereto, was binding. The non-disclosure by Story of the prior marriage was not a fraud upon the association. Its obligation was not in any way enlarged by making the plaintiff the beneficiary. Nor did the appropriation of the fund for her benefit contravene the policy or objects of the association. The plaintiff for sixteen years lived with Story, believing herself to be his lawful wife. They had children dependent upon them for support. It was a case where it was the duty of Story to provide for them, and the provision he made through this insurance was in entire accord with the objects of the defendant's organization.

The trial court ruled against the plaintiff upon this point. But the facts bearing upon the question were before the court, and as they furnish a conclusive reason for upholding the judgment, it should be affirmed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.