SAMUEL MASSEY AND OTHERS, RESPONDENTS, *v.* THE MUTUAL RELIEF SOCIETY OF ROCHESTER, NEW YORK, APPELLANT.

*Mutual relief societies — 1875, chap. 267 — right of, to make the amount of the assessment due upon a member's death payable to one not a member of his family.*

The certificate of incorporation of a mutual relief society, organized under chapter 267 of 1875, stated that its object was to render mutual relief to the members during their lifetime, and to their families from time to time, when necessary. The by-laws stated that one of its objects was to furnish aid to the members' families or assigns, in case of their death, and to issue certificates for sums to be paid to the heirs or beneficiaries of deceased members named

therein. The defendant issued a certificate to one of its members by which it agreed to pay upon death one-fourth of a full assessment to the member's wife, and the other three-fourths to Samuel Massey, the plaintiff, who did not belong to the member's family. In an action to recover the amount due upon the certificate the defendant claimed that it had no power, under its constitution and by-laws, to agree to pay the assessment to any person who did not belong to a member's family, and that its promise to pay a portion of the assessment to Massey was void.

*Held*, that the defense could not be sustained; that the defendant had power to make the agreement and must comply with its terms.

APPEAL from a judgment in favor of the plaintiffs, entered upon a verdict directed at the circuit.

*J. M. Dunning*, for the appellant.

*Nathaniel C. Moak*, for the respondents.

LEARNED, P. J.:

This is an action brought upon what is called a certificate of membership, issued by the defendants to one John Hopkinson. It states that in consideration of representations made in the application, and of six dollars paid by him as a membership fee, and of certain sums specified to be paid by him, he is constituted a member. And that on his death, after due notice thereof, etc., the treasurer will pay Elizabeth Hopkinson, wife, one-fourth, and Samuel Massey three-fourths, or his legal representatives one full assessment for each membership in force at such death, not to exceed $2,000. Hopkinson died January 27, 1882, and due notice was given. At his death one full assessment exceeded $2,000. The plaintiffs sue to recover their respective shares of that sum. The court directed a verdict for that amount and the defendants appealed.

No question seems to be made that in an action brought by Elizabeth Hopkinson alone the defendants would be liable for $500. The question is, whether they are liable to Massey for $1,500; and if not, then, whether either plaintiff could recover in this action. And the ground of defense is that Massey was never a member of Hopkinson's family. The defendants claim that by the law under which they are incorporated, and under their own certificate of incorporation and by-laws, the benefits to be derived by members must be for their respective families and for no others.

In the outset, it is plain that the contract was made with Hopkinson, not with Massey; and that Hopkinson had a right to insure his own life, and make the amount payable to another. (*Olmsted* v. *Keyes*, 85 N. Y., 593 ; *Valton* v. *National F. L. A. Co.*, 20 id., 32; *Hellenberg* v. *District No.* 1, *etc.*, 94 id., 580.) And again, it is plain that the defendants agreed with Hopkinson to pay Massey. Unless, then, this agreement was one which they had no power to make, they are liable. The question, then, is simply whether an agreement with one of their members to pay the " benefit " to a person not in his family is beyond the power of the defendants. This is not a case where Massey has attempted to insure the life of Hopkinson, and where the question might be made whether he had an insurable interest.

The certificate of incorporation states that the object is to combine the efforts of its members with a view to effect mutual relief, etc., during their lifetime, and to their respective families from time to time, when rendered necessary by sickness or pecuniary distress. Now this evidently does not, with any clearness, express the business which the defendants in fact do. It says nothing expressly about payments to the families or to any one else upon the death of a member. . Yet under this the defendants admit their liability to Elizabeth Hopkinson on the certificate in question.

'The by-laws say that one object shall be " to furnish aid to their families *or assigns* in case of a member's death." And further, that " the plan of the society will be to issue certificates for a sum not to exceed $2,000, to be paid to the heirs or beneficiaries of deceased members named in his certificate, from funds arising from assessments for the payment of death claims." Here we have distinct statements that the payment may be made to the assigns of the member, and is to be made to " beneficiaries of deceased members named in his certificate." The word beneficiary implies only that the person is benefited. It gives no indication that the member may not, by his designation in his certificate, benefit any one whom he chooses. And it ought not to be a matter for the defendants to dispute after the member has made his designation and the society has issued the certificate accordingly. It is nothing to the defendants whether the person benefited is, or is not, a relative of the member. That is a matter for him.

In *Hellenberg* v. *District No.* 1, the only difficulty was that the member had failed to designate, or rather that the designation had become inoperative by the death of the person named.　Hence there was no person to whom the society could pay.　The by-laws of the defendants in the present case seem to provide against such a contingency.　For they provide in another place for the payment to the legal representatives of the deceased member, or to such person or persons as he may have directed, or, in a subsequent revision of the by-laws, to such heirs or beneficiaries as are named in the certificate.　In the absence, then, of any direction, this evidently means that payment should be made to the representatives of the member.　In the case just mentioned the will of the member was held not to be a good designation, because it was not brought to the notice of the society; the agreement requiring a designation *to the lodge* in a prescribed manner.　In the present case the designation was distinctly made in the certificate itself.　Unless, then, we disregard the by-laws that the society may pay to the members' assigns and shall pay to *such heirs or beneficiaries* as the deceased member may have named in his certificate, and also the similar language used in the by-law describing the plan of the society ; unless we disregard the certificate itself, issued by the defendants, we must hold the defendants to be liable.　And no reason for disregarding these by-laws and this certificate is suggested, except that the contract is beyond the powers of the defendants.　This argument would go very far.　For we cannot see that a certificate of this character, made payable to the widow, is any more within the strict words of the certificate of incorporation than the present.　The charter says nothing of " benefits " payable after death.

If we look at the statute under which the defendants were organized (Laws 1875, chap. 267, §§ 1 and 2) we shall find that very little is said as to the powers of the body corporate.　The corporation may make and modify its constitution, by-laws, rules and regulations, provided they are not inconsistent with the Constitution of the State or the United States.　The statute, therefore, permits the corporation to make a constitution as well as to make by-laws.　The certificate of incorporation is to express, on this point, simply the particular business and object of the society.　Much of the detail of

the business must be looked for in the by-laws or in a constitution, if one be formed.

In the case of *Story* v. *Williamsburgh M. M. B. A.* (95 N. Y., 474) the objects of the defendants, as described in the constitution, was to provide for the relief of widows, orphans and heirs of dead members. The by-laws declared that after death of a member the money was to be paid to his widow; if none, to his children; if none, to the person therein provided for entitled to receive the same. The defendant issued a certificate to Robert Story, stating that, in accordance with the by-laws, etc., his wife Mary Story was designated as the beneficiary.

It is assumed by the court that Mary Story was not (or at least need not have been) his wife. And the court say that the by-law was not a limitation of the power of the company to prevent it from recognizing as the beneficiary one designated by the members as holding to him the relation of wife. That case applies to this. For if, by having the certificate made payable to a person described as his wife, Story could make a contract binding on the company, although such person was not his wife, and hence would not be his widow, and could not thus be within the clause named in the constitution, then Hopkinson might have described Massey as his son, or his brother, or as member of his family, or even as his wife, and the present defendants would have been liable.

The court do not in that case consider it material that Mary Story was not really the widow of the deceased. It would be absurd to say that there was any force in a false statement that the beneficiary named in a certificate was a wife or member of the family. The effective part of the certificate is the designation of the beneficiary. And when by the direction of the member the defendants issue a certificate designating the beneficiary, it does not matter, according to that decision, whether such beneficiary is truly or falsely described as wife or the like, and therefore it cannot matter whether the beneficiary is described as being any relation to the member. There is nothing in the certificate of incorporation or the by-laws which should exclude from membership unmarried men or those having no families. A member might have a person dependent on him for support who was not a member of his family and who had no legal claim upon such member. And the

member might justly desire to provide for such person after his own death. It would be very unjust that the defendants should refuse to pay in such a case.

The cases cited by the defendant from other States do not, as we think, apply to this case. We are of opinion that the defendants had power to make the contract contained in the certificate and are bound thereby.

The judgment should be affirmed, with costs

Present — LEARNED, P. J., and BOOKES, J.; LANDON, J., not acting.

Judgment affirmed, with costs.