By the Court.—Truax, J.
The trial judge erred in allowing the defendant to prove that it had given notice of the cancellation of the policy to Rieger ; or, in other words, it was error to hold that Rieger was the plaintiff’s agent to whom notice of the cancellation of the policy could be given.
The evidence shows that Rieger was employed by the plaintiff to procure certain insurance, and that he procured that insurance. His employment—his agency— then ended, and notice to him was not notice to plaintiff.
The defendant claims that Bpitzer was plaintiff’s agent, and that Rieger was Bpitzer’s, and, therefore, plaintiff’s agent. But there is no evidence that tends to show that Bpitzer was plaintiff’s agent for any other purpose than the purpose of procuring insurance. When the insurance was procured, his agency ended.
This view of the case is not affected by the clause of the policy that the insurance broker ‘ ‘ shall be deemed to be the agent of the insured in any transaction ^elating ■ to the insurance. ”
The giving notice of cancellation of the policy does not relate to the insurance ; it relates to the cancellation of the contract of insurance, and not to the making of such contract. An authority to make a contract for another does not carry with it by implication, authority to cancel that contract (Hodge v. Security Ins. Co., 33 Hun, 583 ; Stilwell v. Mut. Life Ins. Co., 72 N. Y. 385 ; Van Valkenburgh v. Lenox Fire Ins. Co., 51 Ib. 465 ; Grace v. American Central Ins. Co., 109 U. S. 278).
This rule works no hardship to the insurer. The right to cancel the contract of insurance still remains. It only requires that' notice of cancellation shall be given to the insured, or to this agent to whom he has given an authority to receive such notice.
The cases of Rohrbach v. Germania Fire Ins. Co. (62 N. Y. 47), and Alexander v. Germania Fire Ins. Co. (66 N. Y. 464), deal with matters before the issuing of the policy (Whited v. Germania Fire Ins. Co., 76 N. Y. 415), *495 and the court of appeals says in the case last cited, that it has not yet extended the clauses of the policy quoted above, beyond matters that occurred before the issuing of the policy (p. 419). I cannot find that it has extended that clause any farther since the decision of the Whited case. ' "
This remark is to be borne in mind while considering the case of Standard Oil Co. v. Triumph Ins. Co. (64 N. Y. 85), in which case, the persons who procured the insurance were the plaintiff’s agents generally for placing and keeping upon plaintiff’s property a large line of insurance (p. 86), and they returned the policy for cancellation (p. 81). The question of notice of cancellation to an agent is not in that case.
The policy of insurance was delivered to the plaintiff without requiring the payment of the premium. This raises the presumption that a credit was intended and the policy is valid (Washoe Tool Co. v. Hibernia Ins. Co., 66 N. Y. 613 ; Angell v. Hartford Fire Ins. Co., 59 Ib. 171; Bowman v. Agricultural Ins. Co., 59 Ib. 521). But the fact that credit was given, does not make it necessary for the defendant to offer to return a premium that it never had received.
The judgment and order appealed from are reversed, and a new trial is ordered, with costs to the appellant to abide the event.
Freedman, J., concurred.