By the Court.
Freedman, J.
The learned judge who presided at the trial, directed a verdict in favor of the plaintiff, and ordered defendant’s exceptions to be heard in the first instance at general term.
The action is brought by the plaintiff as the widow of one Bernhard Schnook, and it is founded upon a contract made between Bernhard Schnook and the defendant, a domestic corporation, duly incorporated under the laws of the state of New York, for benevolent purposes, whereby the defendant, in consideration of certain moneys to be paid by Bernhard Schnook, &c., promised and agreed with him, among other things, to pay to the widow, if any, surviving said Bernhard Schnook, the sum of $1,000 in sixty days after the decease of said Schnook.
This contract stands admitted by the answer which raised but one issue ; namely, that the plaintiff is not the widow of Bernhard Schnook, but that one Sarah Schnook, living in London, is such widow, and as such is solely entitled to the money sued for.
In the absence of qualifying circumstances, the beneficiary intended by this contract was the lawful wife of Bernhard Schnook, in case she survived him. Nevertheless, it was legally possible for Bernhard Schnook to designate the plaintiff as such beneficiary, although he might not have been legally married to her, and if such designation wTas assented to by the defendant, and became part of the contract, the plaintiff, under the decision of *183 Story v. Williamsburgh M. M. B. Association (95 N. Y. 474), can recover. But, in order to accomplish this, the plaintiff, upon whom the burden of proof rests, must clearly establish, not only that such designation was-made, but also that it became part of the contract.
In the Story case, the association, at the request of the member, issued and delivered a certificate in which the plaintiff, Mary Story, was designated as his wife and beneficiary, and the certificate was executed by the officers of the society, under its corporate seal. It also appeared that the plaintiff for sixteen years had lived with Story, believing herself to be his lawful wife ; that she had had children by him which were dependent upon them for support; that she had known of the insurance, and that, with one or two exceptions, she had paid the assessments out of money she had earned by sewing.
The case at bar is quite a different case. At the trial it appeared that in April, 1882, Bernhard Schnook, representing himself to be a single man, was initiated as a member of Nathan Lodge No. 48, a branch organization of the defendant; that in the fall of 1882 a marriage ceremony took place between him and the plaintiff ; that thereafter they lived together as man and wife; that Bernhard Schnook notified Nathan Lodge No. 48 that he had married, and that his wife’s name was Rebecca ; and that the secretary of said lodge, in conformity with the requirements of the by-laws of the order, reported the facts so communicated to the United States Grand Lodge of the order. It further appeared that, after the said notification by Bernhard Schnook, the latter continued to pay the dues which he was required to pay quarterly, and that at the time of his death, which occurred in December, 1883, he was a member in good standing. The by-law which represents the contract in this case "was shown to read as follows, viz.: “In case of the death of a brother of this order, his widow or heirs shall receive the amount agreed upon by the constitution, which shall, however, not exceed $1,000.”. These were substantially *184 all the facts upon which the plaintiff relied for a recovery.
In view of the evidence produced by the defendant, upon which the jury would have been authorized to find, that there was a prior marriage between Bernhard Schnook and Sarah Rice, which took place in London in 1869, that the issue of such marriage was a child named Clara, and that said Sarah and Clara were both living at the time of the death of Bernhard Schnook, the facts shown by the plaintiff were not sufficient to establish that the plaintiff had been accepted by the defendant as the beneficiary of the contract made with Bernhard Schnook, and that such acceptance had become part of the contract to the exclusion of the lawful wife. Courts will not assist in encouraging concubinage, and no right of a lawful wife or child will be permitted to be taken away except upon clear proof. The doctrine of the case of Story v. Williamsburg M. M. B. Association (supra) should not be extended beyond the substantial facts of that case.
The exceptions of the defendant should be sustained, the verdict set aside, and a new trial ordered, with costs to the defendant to abide the event.
Sedgwick, Ch. J., and Ingraham, J., concurred.