(13 Misc. Rep. 115.)

PRIOR v. FLAGLER.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

MASTER AND SERVANT—TERMINATION OF CONTRACT — DISABILITY OF SERVANT.
    Where a servant becomes disabled from performing the duties of his employment the contract is thereby dissolved, and an agreement to pay the servant his wages if he would resign his employment is without consideration.

Appeal from city court, general term.

Action by Frederick W. Prior against Henry M. Flagler to recover on an alleged oral contract to pay plaintiff's stipulated salary as an employé of defendant in consideration of plaintiff's resignation. From a judgment of the city court (31 N. Y. Supp. 193) affirming a judgment dismissing the complaint for failure of proof, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edwin R. Root, for appellant.

Boudinot Keith, for respondent.

BISCHOFF, J. The judgment directing the dismissal of the complaint was rightfully rendered, and should be affirmed. The plaintiff was employed by the defendant as chef in the kitchen of the Hotel Alcazar, at St. Augustine, Fla., for the season of 1892–93, at an aggregate salary of $750. A little more than three weeks after his employment began, the plaintiff met with a mishap, through whose fault does not appear, from which he sustained personal injury which disabled him from further service during the term. While at the hospital, he testified, one Tomlinson, another of the defendant's employés, promised, in the defendant's behalf, that he (the plaintiff) would receive the stipulated salary if he would resign his employment, to which, the plaintiff further testified, he agreed; and it was upon this alleged oral agreement that the plaintiff sought recovery in this action.

When the plaintiff became disabled, the contract of employment was dissolved, each of the parties thereto being released from further performance. Wood, Mast. & Serv. (2d Ed.) § 122, p. 237; Fisher v. Monroe (Com. Pl. N. Y.) 12 N. Y. Supp. 273. He then had no employment to resign, no right of return to service to yield. Whereof, then, did the consideration for the defendant's alleged promise consist? Obviously, there was none; yet it is elementary that from the nonfulfillment of a mere promise no cause of action can accrue. But, the appellant's counsel urges, the judgment must be reversed because the trial court committed error in the exclusion of evidence proffered by the plaintiff, and which tended to show that Tomlinson had authority from the defendant to make the promise. Not so. Let us assume that Tomlinson had such authority.

How could that have aided the plaintiff, in the absence of proof of the constituent of a valid contract, a consideration? We fail to see. It is manifest that the exclusion of evidence of Tomlinson's authority, if error it was, did not prejudice the plaintiff, and, to sustain his right to a reversal of the judgment, it was incumbent upon him to show that he was prejudiced by the rulings of the trial court. Tracey v. Altmyer, 46 N. Y. 598, 604; Appleby v. Bank, 62 N. Y. 12, 18; Carman v. Pultz, 21 N. Y. 547; Briant v. Trimmer, 47 N. Y. 96; Standard Oil Co. v. Triumph Ins. Co., 64 N. Y. 85; Phillip v. Gallant, 62 N. Y. 256, 265. From harmless error no reversal will result. Tenney v. Berger, 93 N. Y. 524; Thorne v. Turck, 94 N. Y. 90; Story v. Association, 95 N. Y. 474; Ellwanger v. Fish, 60 N. Y. 651; Flannagan v. Maddin, 81 N. Y. 623; Downs v. Railroad Co., 56 N. Y. 664. Judgment affirmed, with costs. All concur.