STANFORD *v.* INSURANCE COMPANY.

(*Knoxville*, September Term, 1929.)

Opinion filed October 19, 1929.

J. C. WILBURN, for plaintiff in error.

FRANTZ, McCONNELL & SEYMOUR, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Apparently conflicting provisions found in "special provisions" of the insurance policy in suit, and in the application and "paymaster's order" attached to and made a part of it, create the controversy to be decided.

The "special provisions" printed in the face of the policy describe it as taking effect at once and expiring "one year from its date, if not renewed or terminated sooner in accordance with its terms."

The provisions of the application and paymaster's order must be treated as a part of the "terms" of the policy, within the meaning of the clause above quoted.

The application signed by the insured recites: "If paymaster's order or note, is given to provide for the payment of these installments, I agree to pay them as therein provided, and do hereby make such order or note a part of my contract with the Company."

The application stipulated that the annual premium of $69.60 should be paid in six installments of $11.60 each, and the paymaster's order, directed to the Southern Railway Company as the employer of the insured, provided that the first of these installments should be paid from the wages earned in the month of May, with one installment payable each succeeding month until all should be paid.

The original policy is exhibited, bearing date March 25, 1927, and it is stipulated that it was renewed upon expiration "under the same terms and conditions as provided in the policy of insurance."

The effect of this stipulation is to sustain the contention of the insured that the first installment of the second year's premium was due in May, 1928, and that the second installment for the second year was not due nor in default until June, 1928.

On May 28, 1928, the insured sustained injuries by accident which would entitled him to benefits in the sum of eighty dollars if his policy was in force on that date. At that time the insurer had collected the first installment of the second year's premium from the employer of the insured, under the paymaster's order, but the insured was discharged from the service of the Southern Railway Company on April 1, 1928, and was not in its employ at the date of his accident.

The paymaster's order, under the caption *"Specified Periods,"* provides: "If the annual premium is paid in six installments, each payment will continue the policy in force for a period of two months." And it is further provided therein:

"I understand and agree as to the duration of my insurance: (1) That said policy after taking effect so continues until the expiration of the period hereinafter designated for the deduction of the last installment of premium unless I sooner cease to be in the service of my present employer, or unless default be made in the payment of any prior installment, in either of which events my insurance shall at once terminate without notice, except as it may be continued in force by reason of premium previously paid; (2) that the payment of each installment in which the said premium is payable shall continue my policy in force for a *'specified period,'* all such periods to be computed successively from the date of the policy."

■ It will be noted that the above-quoted language provides for the termination of the insurance upon the happening of either of two events, the default of a premium installment or the ending of the insured's employment by the Southern Railway; the insurance to continue after the happening of the latter event only "by reason of premium previously paid."

■ The provision for termination of the insurance upon the cessation of the insured's employment was a provision for its termination before the expiration of the year for which the policy was written, within the exception of the clause hereinabove quoted from the policy's "special provisions." Upon the termination of the employment, the insurance was continued in force only "by reason of premium previously paid." By express stipulation the premium paid by the insured previous to his discharge from the service of the Southern Railway Company, being one installment or one-sixth of the annual premium, continued "the policy in force for a period of two months" from its date. The date of the policy as renewed was March 25, 1928, and the two months period had already expired when the insured was injured on May 28, 1928. We are therefore forced to the conclusion reached by the learned Circuit Judge that the policy in suit was not in force at the date of the accident.

This construction of the policy seems to us to be clearly in accord with the intent of the contracting parties. The issuance of the policy of insurance by the insurer upon the execution of the "paymaster's order" was in effect an extension of credit for the premium to the insured, upon the security of a pledge of future earnings. The termination of the employment of the

insured would destroy the basis of the credit extended, and it was therefore stipulated by the parties that the insurance should continue no longer than the employment, except insofar as premiums paid during the employment should be sufficient to extend it.

The judgment of the Circuit Court dismissing plaintiff's suit will accordingly be affirmed, at plaintiff's cost.

Petition to rehear denied by Supreme Court, December 7, 1929.

Mr. JUSTICE CHAMBLISS took no part in the consideration or disposition of this suit.