L. A. Ragan *v.* Miles Ezell.

(*Nashville,* December Term, 1932.)

Opinion filed May 20, 1933.

Kannard & Kannard, for plaintiff in error.

Roy A. Miles, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This case was tried in the circuit court before a jury. Verdict and judgment were for the plaintiff. The defendant moved for a new trial on the ground that the ver-

dict was not supported by the preponderance of the evidence. This motion was overruled, and the defendant prosecuted an appeal in the nature of a writ of error to the Court of Appeals.

In the Court of Appeals the defendant assigned as error that there was no evidence to support the verdict. That court ruled that it could not consider the merits of the assignment of error because the motion for a new trial had not contained the same ground for error, citing section 11, subsection 4, of the rules of the court. That rule is the familiar and established rule of procedure that a reversal may not be ordered for error not seasonably called to the attention of the trial judge and ruled on by him.

The defendant did not move for a directed verdict in his favor in the circuit court, and by his motion for a new trial sought only the right of a new trial; and this is the relief sought by the appeal to the Court of Appeals.

The object of the motion for a new trial in the circuit court and of the assignment of error in the Court of Appeals was to obtain a review of the evidence by the respective courts. It was the duty of the trial judge, upon the motion for a new trial, to review the evidence and act according to the preponderance or weight of the evidence as he found it. Having so acted, his judgment could not be reversed on the merits by the appellate court, if sustained by any competent and relevant evidence. This is the established rule of procedure, for which citation of authorities are unnecessary. So, although the defendant would have been entitled to a new trial if the trial judge had found that the plaintiff's verdict was not supported by a preponderance of the evidence, on his appeal he was required to assume the ad-

ditional burden of showing that the verdict was supported by no evidence, in order to obtain a reversal and a remand for a new trial. The form and language of the motion and assignment in the two courts, therefore, corresponded to the burden necessary to be carried by the defendant in each court, respectively.

The action of the trial judge in overruling the motion for a new trial was a finding that the verdict is supported by the preponderance of the evidence; therefore, by some evidence. The assignment of error in the Court of Appeals invoked the judgment of that court that the trial judge was in error in his finding of the preponderance of the evidence because such finding is, in fact, supported by no evidence.

The motion for a new trial having thus directed the attention of the trial judge to the weight of evidence, and his action thereon having necessarily included a finding of some evidence to support the verdict, the assignment of error that there is no evidence in the record to support the verdict is in strict conformity with the rule of procedure cited by the Court of Appeals, and should have been considered by that court on its merits.

The defendant, plaintiff in error, is entitled to a judgment of the Court of Appeals on the merits of his assignment of error, and to that end, the judgment of that court will be reversed, and the case remanded to the Court of Appeals. The respondent will pay the costs incident to the petition for *certiorari*.