CITY OF MEMPHIS et al. v. USELTON.—
260 S. W. (2d) 293.

Western Division at Jackson. February 18, 1953.

Writ denied by Supreme Court, June 5, 1953.

C. C. Crabtree, Wesley Harvell and W. B. Ingram, Jr., all of Memphis, for plaintiff-in-error.

Harold R. Ratcliff, of Memphis, for defendants-in-error.

SWEPSTON, J. This is an appeal in error by the defendants below from an adverse verdict of the jury and judgment in the amount of $1,250 for personal injuries suffered by the plaintiff by reason of the ignition of escaping gas.

At the conclusion of plaintiff's evidence defendants moved for a peremptory instruction in their favor which was overruled; there was a like motion at the close of all of the evidence, which was overruled. Defendant's motion for a new trial did not include the ground that the court erred in denying this latter motion, but did rely upon the ground that the weight of the evidence is against the verdict and other grounds relating to alleged errors in the charge to the jury.

The motion for a new trial was overruled and defendant has appealed and assigned error.

The first assignment is to the failure of the Court to grant the motion at the close of the plaintiff's evidence.

■ This must be overruled because it is well settled that the motion is waived when defendant adduces evidence after the motion has been overruled. Reid v. Messer, 33 Tenn. App. 255, 231 S. W. (2d) 400.

The second assignment goes to the denial of the motion at the close of all the evidence. .

■ It is suggested by counsel for plaintiff that this assignment cannot be considered, because the denial of the motion by the trial court was not made a ground in the motion for a new trial and hence under rule 11(4) and (5) of the Court of Appeals, which is the same as Rule 14(4) and (5) of the Supreme Court, will not be considered on appeal. This view is supported by Jacks v. Williams-Robinson Lumber Co. 125 Tenn. 123, 140 S. W. 1066, which definitely holds that an assignment of no evidence to support the verdict cannot be made on appeal, where the same was not called to the attention of the trial court in the motion for a new trial, even if it was asserted in the motion for a new trial the preponderance of the evidence was against the verdict.

The very opposite, however, is held in Ragan v. Ezell, 166 Tenn. 212, 60 S. W. (2d) 148, with no reference to the prior decision and no citation of authority.

Strangely enough the Jacks case has been repeatedly cited by the Supreme Court as late as Mashburn v. Ne-Hi Bottling Co., 191 Tenn. 135, 138, 229 S. W. (2d) 520, 232 S. W. (2d) 11, and by this Court as late as Savage v. Spur Distributing Co., 33 Tenn. App. 27, 35, 228 S. W. (2d) 122, for the general rule that no assignment not made a ground of the motion for a new trial will be considered on appeal. Yet the Ragan case has never been cited on the specific point.

If the Ragan case is not to be followed, the prerogative of so stating, of course, belongs to the Supreme Court and not to this Court.

Accordingly, the ground of preponderance of the evidence stated in the motion for a new trial is a sufficient predicate for an assignment of error on appeal that there is no evidence to support the verdict, where the only right sought is a new trial. Ragan v. Ezell, supra.

But it is not sufficient to permit the appellate court to direct a verdict, because the attention of the trial court was not called to such alleged error in the motion for a new trial.

The assignment of error as made is the equivalent of an assignment there is no evidence to support the verdict. Southern Ry. Co. v. Lewis & Adcock Co., 139 Tenn. 37, 201 S. W. 131, L. R. A. 1918C, 976.

We therefore should review the evidence to determine whether there is any evidence to support the verdict.

The undisputed facts are that defendant was taking steps to relocate a gas line near Lamar and Airways Boulevard in Memphis so as to remove it from under the pavement. A modern ditching machine was being used to

.dig the new trench and in order for it to operate a part of the concrete apron or driveway in front of a group of business houses had to be broken up with air hammers and removed out of the path of the machine. At one point there was a sleeve or round pipe about three inches in diameter coming up vertically from the petcock or valve connecting the street line with the consumer line to adjacent premises, which valve is about two feet below the surface of the concrete. The vertical pipe is a housing for the valve and permits operation of the same from the surface level; it has a cover on top and a grooved bottom so as to rest just above and around the upper side of the gas line but is not in immediate contact with the pipe because it is suspended by being embedded at the top in the surrounding concrete.

In the forenoon of the day of this accident the defendant's crew of workmen, about 18 men and a foreman, had broken up and removed the concrete around the top of this pipe leaving it exposed above the dirt level about six inches.

In the path of the new ditch line was a heavy street roller belonging to one of the contractors engaged in the widening etc. of Lamar Avenue.

Defendant had notified the contractor to remove it and the latter's foreman had brought plaintiff, the operator there, about midday for such purpose. He cranked the engine of the roller and mounted the seat preparatory to backing it out near alongside that valve housing pipe; it could not be moved forward because of fresh concrete ahead. As he started to back the roller and engaged the clutch, one of the wheels spun striking the edge of the concrete pavement in the street causing sparks and just as he was about to shift gears to move forward slightly there was an explosion or ignition due to the sparks or to

the engine exhaust in the vicinity of the valve housing, whereby he suffered burns.

It is undisputed that the defendant's foreman and the construction company's foreman just prior thereto had thrown broken pieces of concrete in the six inch deep hole around the valve housing to protect it in case the roller should have to pass over it. Just a second before the explosion the latter foreman told the other foreman that he smelled gas, but before plaintiff could be warned, the explosion occurred injuring slightly this foreman also.

After the accident it was discovered that the threads on the gas pipe connected to the valve had been broken from which the gas could have escaped.

The declaration alleged that the defendant's employees broke the pipe. The defendant alleged the plaintiff broke it by running the heavy roller over the housing pipe. The proof is undisputed that the roller did not touch the housing.

Defendant insists that, since there was no opportunity to warn plaintiff after discovery of the gas, there could be no negligence. The declaration, however, alleges the defendant's agents knew that gas was escaping and failed to warn plaintiff and the undisputed proof shows that the defendant's crew had available at hand an instrument by which it could have determined beforehand whether gas was escaping after the cessation of the air hammer work around the valve housing. It also appears in evidence that after removal of the concrete from around the housing the housing pipe could be pressed down directly in contact with the gas pipe; also that no test was made by this gas detector before calling plaintiff to the job.

Defendant insists that there is a variance between the declaration of actual knowledge and the proof tending to fix constructive knowledge of the escaping gas.

This claim of variance is not, however, available to defendant on appeal, because the evidence of noninspection was adduced on cross-examination without objection and no opportunity was given plaintiff to amend his declaration. American Trust & Banking Co. v. Parsons, 21 Tenn. App. 202, 108 'S. W. (2d) 187.

The court charged the jury on this feature of noninspection and this is by the fourth assignment of error complained of, but the same must be overruled.

█ We are therefore of opinion that the verdict is supported by material evidence and we overrule the second assignment.

█ █ Assignment number three complains that the court charged the jury that the failure of a party to call witnesses who were available and who could naturally be favorable to him ''gives rise to an inference'' that those witnesses were not called because their testimony would have been unfavorable.

This was said with reference to the failure of defendant to call any of the 18 workmen, some one or more of whom plaintiff testified had given him the signal to back the roller.

Counsel had stated to the jury that he had not called any of them because he would have had to call all of them, that he did not know where they were and it would have cost too much to find them and bring all of them to court.

Assuming that the charge on that phase was proper, we think as given it was inaccurate and too strong in that it told the jury the failure to call these witnesses ''gives rise to an inference'', whereas it should have stated it ''*may* give rise to an inference''. We do not think the error prejudicial and reversible, however, because the jury could have found liability on the plaintiff's other theory discussed under the first and fourth assignments,

that defendant had invited him into a dangerous situation without giving him any warning. It is most likely they did, because one of the main issues was which one broke the pipe and there being no evidence to show that plaintiff broke it and there being evidence that defendant's workmen could have broken it in the forenoon and failed to test for escaping gas, the only logical conclusion is the defendant invited plaintiff into a dangerous place. See De Rossett v. Malone, 34 Tenn. App. 451, 479, 239 S. W. (2d) 366.

It all comes back to the failure to test for escaping gas with instruments that were available. The evidence is clear that nobody actually knew gas was escaping in time to give warning at that time and the ignition of the gas may have been caused either by the sparks from the wheel against the concrete or from the engine exhaust as the engine was warming up.

This assignment and fifth are for the above reasons overruled.

Judgment will be entered here for $1,250 with interest from June 25, 1952 and costs.

Anderson, P. J., and Baptist, J., concur.