ASSOCIATED DAIRIES, INC.

*v.*

RAY MOSS FARMS, INC., et al.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

CHAMBLISS, CHAMBLISS & HODGE, Chattanooga, for appellant-complainant.

ANDERSON, MEACHAM & COLLINS, Chattanooga, for appellees-defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This suit was filed in the Chancery Court of Hamilton County, seeking an injunction to restrain defendants, who are named in the bill from enticing customers of the complainant to cease patronizing the said complainant.

The bill was filed by Associated Dairies, Inc., against Ray Moss Farms, Inc., Lindy Murdock and Ralph H. Byrum, the last two named individuals, and others not named, operating a milk route in and near Chattanooga in competition with Associated Dairies, Inc. Complainant charges:

"That in or about the month of June, 1958, the defendants Murdock and/or Ray Moss Farms, Inc., began the practice of hiring sales drivers who were working for this complainant and using said drivers to switch business from this complainant to the defendants, Murdock and Ray Moss Farms, Inc.

"That complainant has invested large sums of money in the development of its milk routes and its customers and that when it learned of the illegal and inequitable conduct of the defendants, Murdock and Ray Moss Farms, Inc., in enticing away complainant's servants and twisting business from complainant, this complainant prepared a contract for complainant's sales drivers to sign, a copy of said contract being attached hereto as Exhibit 'A' to this bill, * * *''

The bill further charges that the defendant, Ralph H. Byrum, signed such a contract and the contract provided that ''in event defendant Byrum left complainant's services and should be employed by a competitor of the complainant, the said Byrum agreed that he would not solicit any of the customers of the complainant for a period of one year and that he would not try or attempt to entice away any of the customers of the complainant for the benefit of any other competitor''.

The bill then charges a violation of the foregoing agreement by him and that the defendants, Ray Moss Farms, Inc., and Murdock ''have been and are inducing and procuring the breach and violation of the aforesaid contract'', being in violation of sec 47-1706, T.C.A.

The contract mentioned in the bill was filed as an Exhibit thereto. There is no specific date as to its termination. Implicit in its provisions is that the employee will observe its required obligations for a period of one year after leaving his employment with the complainant. The foregoing is the consideration for complainant retaining an employee in its service.

The defendant, Byrum, demurred to the bill upon the following grounds:

"1. The bill and exhibits thereto fail to allege any state of facts upon which relief may be granted as against this defendant.

"2. Said contract shows on its face that there was no consideration for any promise by this defendant other than the agreement by the employer to retain this defendant in employment at will. The rendering of services by this defendant to the employer and payment by the employer to this defendant furnishes no consideration to support the additional agreement not to solicit complainant's customers nor to compete in any manner with complainant.

"3. This employment agreement and the agreement not to compete is in restraint of trade and employment, since it contains no territorial limitations of any nature, and is therefore unreasonable.

"4. There are no elements of trade secrets, confidential information, special business processes, or techniques alleged therein for which complainant requires protection from his employee.

"5. There is no allegation that this defendant is competing with complainant in the same area in which this defendant formerly worked for complainant.

"6. The bill and the contract thereto exhibited show that said contract is void, unilateral, and unenforceable, there being no mutual undertakings of the parties. Complainant had no obligation to employ defendant for any period of time, and the completion of each day's

work constituted a complete execution of said contract and release of said complainant. Therefore complainant not being bound, defendant likewise can not be bound, and said contract is unenforceable for lack of mutuality.''

The defendant, Lindy Murdock, filed a separate demurrer upon substantially the same grounds and also a separate answer thereto. The answer sets out certain facts which are more or less argumentative of the averment that the contract in question is void.

The defendant, Ray Moss Farms, Inc., filed a separate answer denying that Ralph H. Byrum or defendant, Lindy Murdock, are its agents, but on the contrary are ''independent retail dealers distributing at retail under an exclusive contract products produced by the defendant''; that the Murdocks are ''independent contractors'' over whom the defendant has no control. The contract between Ray Moss Farms, Inc. and the Murdocks is filed as an exhibit to the answer.

The complainant, by leave of the Chancellor, filed an amended bill charging that Lindy Murdock, Hugh Murdock and Jerry Murdock are engaged in operating a milk route and that they are using trucks bearing the name of Ray Moss Farms, Inc., and their drivers wear uniforms bearing the same insignia. It is charged that in June, 1958, the Murdocks and Ray Moss Farms, Inc., began hiring drivers who were working for the complainant and using them to switch business from complainant to the defendants; that the hiring of these employees was and is in violation of T.C.A. section 50-201, which reads, as follows:

"It shall be unlawful for any person, knowingly, to hire, contract with, decoy or entice away, directly or indirectly, any one, who is at the time under contract or in the employ of another; and any person so under contract or employ of another, leaving his employ without good and sufficient cause, before the expiration of the time for which he was employed, shall forfeit to the employer all sums due for service already rendered, and be liable for such other damages the employer may reasonably sustain by such violation of contract."

The Chancellor sustained the demurrers of the said defendants, Byrum and the Murdocks. His memorandum opinion, dissolving the temporary injunction and sustaining the demurrer, is as follows:

"This Court does not believe that Tennessee Code Annotated Section 50-201 has any application to the present case. This statute prohibits anyone from enticing a person to leave his employment without good and sufficient cause 'before the expiration of the time for which he was employed.' In the present case each milk truck driver's employment, for all practical purposes, terminated at the conclusion of each day's work. There is no allegation in the bill that the drivers had been switching business from complainant's customers whom they formerly served. For that matter, delivering milk products on a milk route does not involve any particular good will, peculiar intellectual or other skill or capacity, and no secret process of business or other recognized ground for relief in a court of equity exists. It is plain that these defendants' services to the complainant were not of such a character as to involve the acquisition of special busi-

ness secrets, if any, of the complainant. It does not appear that the complainant would suffer irreparable loss on account of its former employees' delivering milk on an entirely different route to different customers for a competitor.''

The complainant was granted an appeal to this Court. The assignment of error complains that it was error to sustain the defendants' demurrers.

■ At the onset we agree with the Chancellor that Section 50-201, T.C.A., supra, is not applicable to the case at bar. There remains the single question of the validity of the contract between the complainant and the defendant, Ralph H. Byrum.

There was no contract between the complainant and the Murdocks, and hence there is no restraining order against them, or either of them. They are privileged to solicit customers for themselves, as well as for Ray Moss Farms.

The complainant relies upon *Turner v. Abbott,* 116 Tenn. 718, 94 S.W. 64, 6 L.R.A.,N.S., 892, and *Matthews v. Barnes,* 155 Tenn. 110, 293 S.W. 993, 52 A.L.R. 1350, as authority to sustain its assignment of error.

■ The defendants on the contrary insist that the contract between the complainant and Ralph H. Byrum is not supported by any valuable consideration, the same being terminable at will by either party and that it is void as being against public policy. The contract in question is not enforceable against the defendant since it is not binding upon the complainant to retain the said Byrum in its service. *Savage v. Spur Distributing Co.,* 33 Tenn.App. 27, 228 S.W.2d 122.

The case of *Turner v. Abbott,* supra, is not controlling since there was a valuable consideration to Abbott whereby he agreed not to practice dentistry in Union City. In the Matthews case there was an employment for five years conditioned that Barnes would not accept employment by another and divulge secret information to another employer.

In the case at bar there was no agreement that the complainant would retain the defendant for as much as one day. And the defendant could cease work without so much as a day's notice. In these circumstances there was no consideration to sustain the contract which purports to restrain the defendant from engaging in the solicitation of business for another.

We think *Savage v. Spur Distributing Co.,* supra, controls the case at bar. The Chancellor's decree is accordingly affirmed.