JAMES ARTHUR CREWS, Appellant, v. UNITED
BENEFIT INSURANCE COMPANY OF
OMAHA, NEBRASKA, Appellee.

JAMES ARTHUR CREWS, Appellant, v. MUTUAL
BENEFIT HEALTH AND ACCIDENT
ASSOCIATION OF OMAHA, NEBRASKA,
Appellee.—472 S.W.2d 887

Middle Section. April 30, 1971.

Certiorari Denied by Supreme Court September 20, 1971.

378

Noble Freemon, Sr., and Noble Freemon, Jr., Lawrenceburg, for appellant.

Boston & Weatherford, Lawrenceburg, Hooker, Keeble, Dodson & Harris, Nashville, for appellees.

SHRIVER, P.J. (M.S.). These two cases which were consolidated for trial are suits on contracts of insurance to recover for total disability resulting from accidental injury. There were three trials which resulted in mistrials because the members of the jury could not agree on a verdict. On the fourth trial the jury brought in a verdict for the defendants and it is from the judgment thereon that this appeal was prayed and perfected and assignments filed, after plaintiff's motions for a judgment notwithstanding the verdict and for a new trial were overruled.

## MOTION TO STRIKE BILL OF EXCEPTIONS

We have before us a Motion to Strike the Bill of Exceptions upon the following ground:

That it does not affirmatively appear from the Bill of Exceptions that it was authenticated by the signature of the Trial Judge within the time allowed by law.

It appears from the record that the motion for a new trial was overruled June 26, 1970, and plaintiff was allowed sixty days thereafter in which to file his Bill of Exceptions. On the fifty-ninth day following the Court's action in overruling the motion for a new trial, to-wit, on August 24, 1970, the Bill of Exceptions was filed with the Clerk, and was so marked. At the conclusion thereof we find this provision and statement:

"The Clerk will file this as plaintiff's Bill of Exceptions and include in the Technical Record and as a part of the Record the foregoing items as requested by the plaintiff, this .... day of August, 1970.

/s/ John D. Templeton, Chancellor
(Judge by designation)"

Immediately following the foregoing, there appears:

"Filed in the Office of the Circuit Court Clerk of Lawrence County, Tennessee, at Lawrenceburg, this 24th day of August, 1970.

/s/ W. W. Pettus, Circuit Court Clerk
By Bernice Hunt, Deputy Clerk"

Section 27-110, T.C.A., as amended by Chapter 263, Acts 1955, provides:

"*27-110. Certificate as leave to file bill—Authentication—Presumption.*—The certificate of approval of the trial judge upon said bill of exceptions or wayside bill of exceptions shall be sufficient leave to file same, when filed within thirty (30) days after the order or action which occasioned its filing, or an extension thereof.

Where any bills of exception or wayside bills of exception including exhibits to either, bear the authentication of the trial judge or chancellor and have been filed with the clerk of the trial court within the time allowed, it shall be presumed that same were authenticated by the trial judge or chancellor prior to the filing thereof."

Under the foregoing statute, we think the Motion to Strike is not well taken and it is, therefore, overruled.

## THE FACTS

Plaintiff brought suit on these same policies of insurance in the early 1950's, which resulted in a judgment in each case for the plaintiff. It is conceded by the defendants that in said former cases it was determined that plaintiff was totally disabled when a battery on his tractor exploded, throwing acid in his face and on his body and causing him to fall from the tractor, receiving additional injuries. The judgment in each case was for the amount then accrued as accidental benefits by reason of the above mentioned injuries, plus a 24% statutory penalty. A copy of the Court's decree on the jury verdict rendered February 2, 1954 is made a part of the Declara-

tion in the case at bar. The aforesaid verdict and judgment was appealed to this Court and was affirmed, and certiorari was denied by the Supreme Court.

■ It is stated by counsel for defendants in their Reply Brief and Argument that they concede that defendants are bound by the prior judgment and finding that the plaintiff was totally disabled as the result of the accident which occurred in 1951, and upon which judgment was rendered in February, 1954. However, defendants point out that his disability was not adjudged to be permanent. It is further conceded that the Trial Judge in the instant case correctly charged the jury to the effect that it had been determined in a former trial that Mr. Crews sustained an accidental injury in 1951, from which he was totally disabled and suffered total loss of time from the date of the accident until the trial of those consolidated cases in 1954. The Court further charged the jury, and it is conceded that it was a correct charge, that from the former judgment, the law raises a presumption that Mr. Crews continued to be totally and continuously disabled and suffered total loss of time, thereafter, up through the time involved in these suits, to-wit, from July, 1965 to July, 1967. But this is a rebuttable presumption and the defendants are entitled to show, if they can, that the disability did not continue. And the Court further charged: "In order to prevail, they must show this by the greater weight of the evidence."

The Trial Judge also charged the jury in the instant case, that the Companies (defendants) do not challenge any other duty that the policies require of Mr. Crews with respect to such things as being under the care of a

doctor, or making claims on time, or furnishing a doctor's statement every month, and that they cannot challenge the fact that Mr. Crews received accidental injuries in 1951, from which he contracted rheumatoid arthritis and lung trouble, since this was decided in 1954. Furthermore, defendants do not challenge the fact that he suffers from these conditions to some extent now, there being no proof to the contrary.

Thus, it is seen that the facts concerning the present litigation have to do with the question whether the plaintiff has continued to be totally disabled so as to be entitled to disability benefits under the policies involved here.

By the present suit, plaintiff seeks to recover total disability benefits under these two policies for a period commencing July 1, 1965 and ending June 30, 1967. The said policies provide that the insured is entitled to disability benefits at rates set out therein if, because of accidental injuries as defined in said policies, he "shall be totally and continuously disabled and shall suffer total loss of time." The defendants each paid benefits under the said policies pursuant to the above mentioned judgment of the Court until July 1, 1965, at which time they declined to make further payments, insisting that the plaintiff had recovered to such extent that he was no longer entitled to benefits under the terms of the policies.

The defendants each filed cross-actions seeking a refund of the disability payments made to the plaintiff for the year 1964 and for the first six months of 1965 upon the ground that they were paid through error; however, these cross-actions were dismissed and are not before us on this appeal.

Under the proof in the case it appears that Mr. Crews did considerable farming from the time of his accident up through the time he lost or abandoned the farm in 1961. The proof shows that, thereafter, plaintiff went into the ax handle business, which consisted of the sale of ax handles to various hardware stores and dealers throughout a large territory, and that he delivered these handles by truck. It further appears that his wife, who had been employed otherwise, relinquished her employment to drive the truck for her husband. The proof shows that Mr. Crews, during the time in question here, sold ax handles and delivered them over six separate routes. Without going into detail, it appears that Route No. 1 included customers in Pulaski, Ardmore, Athens, Decatur, Cullman, Jasper, Haleyville, Russellville, Tuscumbia and Florence, Alabama. Route No. 2 included Columbia, Franklin, Nashville, Goodlettsville, Springfield, Ashland City, Charlotte, Dickson, Centerville and Hohenwald, Tennessee. Route No. 3 was perhaps more extensive than the two foregoing routes, and Routes Nos. 4, 5 and 6 also required a great deal of travel by truck. Route No. 6, for instance, included customers in a number of towns in Mississippi and other customers in Alabama.

There is considerable dispute in the testimony as to how often the plaintiff serviced the customers in these various places, but there is no dispute as to the fact that he did travel extensively in this business.

There is some dispute as to the plaintiff's income from the ax handle business. His income tax returns were filed and there is considerable testimony in this regard.

Also, the amount of gasoline he consumed in his truck on these various trips is a matter of dispute.

In the course of the trial, after it appeared there was no medical testimony as to plaintiff's condition during the period involved here, the Court stated to counsel for plaintiff:

"I expected you to introduce a doctor to testify about his condition in 1965 and 1967"

to which statement there appears to have been no response by counsel. Thereupon, the Court stated further:

"In any event, there is no medical testimony, right?"

and the record does not indicate any response to this question.

The foregoing statements by the Court were made in the absence of the jury, and when the jury was brought back into the courtroom, the Court stated:

"Members of the jury, as I understand it, the plaintiff has announced that he closes and the Insurance Companies have announced that they are closing."

The Court was then recessed for lunch, after which the Judge directed counsel to present their arguments to the jury, which was done.

At this point, counsel for the plaintiff asked permission to reopen the case to read two medical depositions, but when it appeared that neither of the doctors in question had examined or treated the plaintiff during the period involved in this litigation, the Court declined to reopen

the case to permit their depositions to be presented, but said depositions were filed and are in the record.

The verdict of the jury was to the effect that Mr. Crews was *not* totally and continuously disabled and did not suffer total loss of time from July, 1965 until July, 1967.

## ASSIGNMENTS OF ERROR

There are seventeen assignments of error which it will not be necessary to set out seriatim.

*Assignment No. 1* asserts that there was no evidence to support the verdict, and Assignment No. 8 charges error in denying plaintiff's motion for a directed verdict.

██ The effect of these two assignments is the same. From a recitation of some of the evidence set out hereinabove, it is clearly evident that there is material substantial evidence to support the jury verdict in favor of the defendant. The question as to whether or not plaintiff was suffering from total disability, as defined and contemplated in the policies of insurance herein involved, so as to be entitled to the benefits under said policies, was obviously a jury question under all of the proof, and, particularly, in view of the admitted fact that plaintiff engaged in extensive remunerative activities during the period in question.

Thus, without going into a detailed discussion of the evidence, as counsel for the plaintiff have done in their Brief and Argument, the Court feels compelled to overrule these two assignments.

*Assignment No. 2* charges error in excluding the record of the former trial of this case wherein a judgment for the plaintiff was rendered in 1954.

It is pointed out by counsel for defendants that no such error was assigned in the plaintiff's motion for a new trial in the lower Court. An examination of the motion for a new trial, found at pages 103, 104 and 105 of the Transcript, reveals that neither the assignment nor the substance thereof was included in the motion for a new trial.

In Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6, it was held that the Court of Appeals could not consider an assignment of error where the matters relied on therein were not presented to the Trial Court in the motion for a new trial, citing Rule 11(5) of the Court of Appeals and numerous cases, including Savage v. Spur Distributing Co., 33 Tenn.App. 27, 228 S.W. 2d 122, and other cases.

██ Even if the assignment could be considered on its merits, we think it could not be sustained inasmuch as it was specifically admitted by counsel for the defendants and acquiesced in by counsel for plaintiff, that the judgment in the former case was conclusive of the question of disability during the period involved therein, so that a re-examination of the evidence in the former trial would be of no avail in the present trial.

*Assignment No. 3* complains of error in allowing plaintiff's gross receipts for the years in question to be introduced, while *Assignments Nos. 4 and 6* charge error in permitting defendants to cross-examine plaintiff as to

his farm income from evidence which he gave in his divorce suit.

■ ■ It is pointed out by counsel for defendants that these questions were not included as grounds in the motion for a new trial, which seems to be the case. However, if considered, we do not find that Assignments 3, 4 and 6 have any merit, and they are, therefore, overruled.

*Assignment No. 5* charges error in permitting counsel for defendants to cross-examine plaintiff as to why his doctor, Dr. Crowder, did not continue to sign Mr. Crews' monthly reports to the Insurance Companies.

■ Again, it does not appear that these assignments or the substance thereof were included in the motion for a new trial, but, in addition to this, we find no error in allowing defendants' counsel to cross-examine plaintiff on these questions which were pertinent to the inquiry about plaintiff's alleged total disability during the period 1965-1967 and to the question of his credibility.

In *Assignment No. 7*, plaintiff complains of the action of the Court in not permitting him to read Dr. Danley's deposition and the depositions of Doctors Henderson and Sutherland.

It appears that Dr. Danley did not give a deposition, but testified in the 1954 trial.

■ Since defendants admitted, and the Court instructed the jury that the 1954 trial had resulted in a determination of the fact that Mr. Crews was totally disabled at that time, it would appear that additional testi-

mony to the effect that plaintiff was totally disabled at that time would be merely cumulative, and it was within the discretion of the Trial Judge to refuse the introduction of this evidence.

■ As to the testimony of Dr. Danley, it appears that counsel sought to reopen the case to introduce this testimony after it had been closed by both plaintiff and defendant and the jury so instructed. Thus, it became a matter of the sound discretion of the Trial Judge as to whether he would reopen the case or not.

Furthermore, it appears from the Record that the evidence of these witnesses which was offered after the closing of the proof, was not material to the issues in the case, according to the statement of counsel for plaintiff, as to when Doctors Henderson and Sutherland had seen or treated the plaintiff. From these statements it appears that Dr. Henderson did not know Mr. Crews during the period 1965 to 1967, having seen the plaintiff for the first time in 1969, and it does not appear when Dr. Sutherland first saw Mr. Crews professionally. In addition, it should be noted that the failure to introduce the depositions of these doctors was not an omission which was discovered afer the parties had closed their proof, but was evidence which was in the hands of counsel for plaintiff during the trial. Said depositions were taken almost a year prior to the trial of the case and no showing was made by counsel that failure to introduce this proof was through inadvertence or oversight.

In Higgins v. Steide, 47 Tenn.App. 42, 335 S.W.2d 533, the Court held:

"Permitting additional proof after counsel for parties have announced that proof is within discretion of trial court, and unless it appears that his action in that regard has permitted injustice to be done to a party to suit, his exercise of discretion will not be disturbed on appeal."

Also see Petway v. Hoover, 12 Tenn.App. 618.

*Assignment No. 9* asserts that it was error for the Trial Judge to charge the jury that the burden of proof was on the plaintiff to show that he was totally and continuously disabled during the period sued for and that he has otherwise complied with the terms of the policies as to the filing of claims, etc.

Again, objection does not appear to have been included in the motion for a new trial and was not the subject of a timely special request. However, considering it on its merits, we find no reversible error in the charge of the Court since it seems to have covered the case adequately and correctly. Hence, this assignment is overruled.

*Assignment No. 10* asserts error in charging the Insurance Companies' defenses. There is no merit in this assignment since the statement of the defendants' theory was correct and proper.

*Assignments Nos. 11, 12 and 13* charge error in refusing to grant plaintiff's Special Requests Nos. 1, 3 and 5.

Again, these assignments do not appear to have been included in the motion for a new trial. In addition to that, they were presented to the Trial Judge at about

the time plaintiff concluded his proof in chief and, according to the record, were not tendered to the Court at the conclusion of his regular charge.

In Llewellyn v. City of Knoxville, 33 Tenn.App. 632, 232 S.W.2d 568, it was said:

"In Tennessee special requests to charge jury must be presented after original charge and if handed to judge prior thereto, attention of judge must be called to them after original charge, and such must be presented before jury retires to consider a verdict."

Also see Ry. Co. v. Foster, 88 Tenn. 671, 13 S.W. 694, and Southern Ry. Co. v. Black Diamond Collieries, Inc., 9 Tenn.App. 225.

From an examination of these special requests, and considering the circumstances under which, and the time when they were offered, we think there was no error in the action of the Trial Judge in that respect; hence, they are overruled.

*Assignments Nos. 14 and 15* complain of the argument of counsel for the defendants to the jury. Again, these were not included in the motion for a new trial, but, considered on their merits, we are of opinion that they are not well taken and must be overruled.

*Assignments Nos. 16 and 17* are insufficient under the rules of this Court as being too indefinite and too general. No. 16 asserts:

"The Court erred in its refusal to grant plaintiff's motion for judgments on the evidence."

Assignment No. 17 states:

"The Court erred in its refusal to grant plaintiff's motion for a new trial."

Said assignments are overruled.

There is extensive argument in the Briefs and Arguments of counsel for plaintiff as to how and why the jury misconceived the issues and reached the wrong conclusions. However, in the final analysis, this goes to a question of the weight of the evidence and, as has been held in numerous cases, we do not weigh the evidence on appeal from a jury verdict where the verdict and judgment have been approved by the Trial Judge. Thayer v. Wright Co., 50 Tenn.App. 15, 362 S.W. 2d 805; Tallent v. Fox, 24 Tenn.App. 96, 141 S.W.2d 485, and many cases.

From all of the foregoing it results that the judgment of the Trial Court is affirmed.

Affirmed.

Puryear and Todd, JJ., concur.