**Howard M. MARCHANT, Plaintiff,**

v.

**SCHENLEY INDUSTRIES, INC. and Schenley Affiliated Brands Corp., Defendants.**

No. 82–3667.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 29, 1983.

Thomas W. Steele, Nashville, Tenn., for plaintiff.

John M. McCord, Tullahoma, Tenn., for defendants.

## MEMORANDUM

WISEMAN, District Judge.

on defendants' motion to dismiss and for summary judgment. Plaintiff Howard M. Marchant alleges in his original complaint that defendants Schenley Industries, Inc., and Schenley Affiliated Brands Corp.[1] discharged him because of his age[2] in violation of the Age Discrimination in Employment Act of 1967 [ADEA], 29 U.S.C. § 621 *et seq.*[3] Plaintiff in the complaint requests liquidated damages, costs including attorney's fees, and damages for pain and suffering.

Plaintiff, in addition to asserting new jurisdictional grounds,[4] now moves the Court to amend his complaint in three significant respects:[5] (1) Plaintiff requests that the Court exercise pendent jurisdiction over a state breach of contract claim he alleges against defendant; (2) plaintiff requests that the Court exercise pendent jurisdiction over a state tortious discharge claim he alleges against defendant; and (3) plaintiff requests the additional relief of reinstatement or, in the alternative, damages in lieu of reinstatement.[6] Defendants oppose these amendments and also move the Court to dismiss plaintiff's claims and this action, and to grant defendants partial summary judgment on the issue of damages

---

1. Schenley Affiliated Brands Corp. is a corporation and a wholly owned subsidiary of Schenley Industries, Inc.

2. Plaintiff was born November 22, 1927. He was employed by defendant Schenley Industries, Inc., in 1955 and worked until his discharge in November 1981, at which time he was 54 years old.

3. Plaintiff alleges in paragraph 8 of his complaint that he has "complied with all statutory prerequisites for the maintenance of this action in that he duly filed with the Secretary of Labor the charge of discrimination and has cooperated fully with the Department in the informal manner as required by law." Notifying the Secretary of Labor originally was a prerequisite to bringing a civil action under the ADEA. *See* Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626 (1976). The ADEA Amendments of 1978, however, transferred all functions vested in the Secretary of Labor to the Equal Employment Opportunity Commission [EEOC], and the Act now provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission." 29 U.S.C. § 626(d) (Supp. II 1978). This Court was supplied with no affidavits or documents from which to determine whether plaintiff has complied with this or any other prerequisite to bringing an ADEA civil action. Defendants, however, have not contested plaintiff's conclusory allegation that all statutory preconditions to bringing this action have been met. Thus, for the purposes of these motions, the Court will assume that plaintiff has duly complied with the statutory requirements.

4. In his original complaint plaintiff asserted general federal question jurisdiction by 28 U.S.C. § 331(a) [sic] and specific ADEA juris-

diction by 29 U.S.C. § 633a(c). In his Motion to Amend Complaint, plaintiff requests the addition of the following:

> Jurisdiction is also based on 28 U.S.C. 1331 in that this is an action arising under the laws of the United States. Jurisdiction is also based on 28 U.S.C. 1332 in that this is an action where the matter in controversy exceeds the sum of $10,000.00 and is between citizens of different states. Jurisdiction is also based on 28 U.S.C. 1337(a) in that this is an action arising under an Act of Congress (Age Discrimination in Employment Act of 1967) regulating commerce. Jurisdiction is also based on 28 U.S.C. 1433(4) in that this is an action to recover damages and to secure equitable and other relief under an Act of Congress providing protection of civil rights (Age Discrimination in Employment Act of 1967).

5. Plaintiff submits two motions to amend his complaint. The first, entitled Motion to Amend Complaint, moves the Court to add a jurisdictional paragraph, *see supra* note 4, and the two new causes of action described in the text accompanying this note. The second, entitled Motion to Further Amend Complaint, requests the additional relief of reinstatement or damages in lieu thereof.

6. Specifically, plaintiff requests reinstatement with compensation, including any bonuses or raises he would have received but for his discharge, and with his pension benefit plan restored to the status quo. In addition he requests an injunction to prevent any further age discrimination against him by defendants and to prevent his geographical transfer by defendants in retaliation for filing this claim. In the alternative, plaintiff requests damages in lieu of reinstatement, including any loss of wages, bonuses, raises, insurance coverage, expenses and other benefits.

for pain and suffering and emotional distress.[7]

This Court grants plaintiff's requests to amend his complaint pursuant to Rule 15(a), Fed.R.Civ.P. Applying Tennessee law, however, the Court *sua sponte* dismisses plaintiff's tortious discharge claim for failure to state a cause of action and grants defendants partial summary judgment as a matter of law on plaintiff's breach of contract claim. In addition, the Court denies defendants' motion to dismiss plaintiff's original complaint, but grants defendants' motion for partial summary judgment on the issue of damages for pain and suffering and emotional distress.

## I. Plaintiff's Motions to Amend Complaint

### A. State Claims

#### 1. Jurisdiction

 Plaintiff in his motion to amend the complaint and defendants in their reply brief argue whether the Court should exercise pendent jurisdiction of plaintiff's state claims. Yet, plaintiff in his motion to amend asserts conclusively that the Court has diversity jurisdiction over this action. Pendent federal jurisdiction over state law claims is discretionary with the Court, *United ed Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), but if the parties are diverse the jurisdiction is origi-

nal and this Court is obligated to accept all claims arising out of a single alleged wrong, *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 n. 2 (6th Cir.1978).

For purposes of diversity jurisdiction, a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). The Court can find no statement of citizenship for defendant in the pleadings or briefs in this action. The plaintiff states in his complaint that he is a resident of Davidson County, Tennessee, and that defendant "does business" in Middle Tennessee. Defendants' corporate mailing address as listed in the pleadings is in New York, but no evidence exists for its state of incorporation or its principal place of business. This Court has no basis from which to conclude diversity jurisdiction other than plaintiff's unopposed assertion of diversity in his motion to amend.

Nevertheless, a discussion of the pros and cons of exercising pendent jurisdiction over state law claims in an ADEA cause of action aside,[8] this Court grants plaintiff leave to amend his complaint and assumes for the purposes of these motions that diversity jurisdiction exists and that Tennessee law applies to plaintiff's state law claims. *Grant v. Atlas Powder Co.*, 241 F.2d 715

---

**7.** Defendants in their Motion to Dismiss for Judgment on the Pleadings and for Partial Summary Judgment request summary judgment only on the issue of damages for pain and suffering. In the Brief accompanying the motion, however, defendants also argue for summary judgment on the issue of bonuses, future raises, and advancements. This Court addresses both issues in this opinion.

**8.** An intriguing issue that this Court will not address now but that many courts are facing in ADEA claims is whether plaintiffs may assert state statutory age discrimination claims pendent to federal ADEA claims in cases in which state age discrimination statutes provide relief over and above the relief that the ADEA authorizes. *Compare Kelly v. American Standard, Inc.*, 640 F.2d 974 (9th Cir.1981) (pendent jurisdiction over state claim exercised in ADEA action and damages for emotional distress awarded although not recoverable under ADEA) *with Douglas v. American Cyanamid Co.*, 472 F.Supp. 298 (D.Conn.1979) (pendent jurisdiction refused because § 633(a) of the ADEA by specifically staying state age discrimination proceedings during federal proceedings implies that Congress did not intend the two claims to be processed simultaneously). In Tennessee the question is further complicated because T.C.A. § 4–21–119(a)(8) authorizes the Commission for Human Development to award damages for humiliation and embarrassment and T.C.A. § 4–21–120 gives to chancery court the authority to review and enforce the actions of the commission, yet T.C.A. § 4–21–124 limits the court's original jurisdictional relief to enjoining further violations and awarding actual damages including costs and attorney's fees. Thus, commission action seems to be a prerequisite to an award of damages for emotional distress. Plaintiff in this case, however, asserts no state age discrimination claim.

(6th Cir.1957).[9] In this action, whether the Court exercises pendent or original jurisdiction is not outcome determinative because plaintiff's state claims lack merit as a matter of law.

### 2. Merits

#### (a) Breach of Contract

■ Although no formal employment contract between the parties exists, plaintiff asserts that defendants promised orally that if plaintiff performed satisfactorily he would have job security. Plaintiff cites *Delzell v. Pope*, 200 Tenn. 641, 294 S.W.2d 690 (1956), to support his breach of contract claim against defendants. The Tennessee Supreme Court in *Delzell* held that under certain circumstances a hiring at a fixed salary is a contract for that pay period. *Delzell, supra,* 294 S.W.2d at 693–94. For example, a hiring at a monthly salary can be a contract for a month and a hiring at a yearly salary can be a contract for a year. Plaintiff in this case, however, argues for a perpetual contract based not on pay period but on good behavior.[10] The facts of *Savage v. Spur Distributing Co.*, 33 Tenn.App. 27, 228 S.W.2d 122 (1950) (permission to appeal denied by Tennessee Supreme Court March 17, 1950), more closely approximate plaintiff's claims. The plaintiff in *Savage* sued for breach of contract, alleging that his employer promised to employ him as long as he worked satisfactorily. The court concluded that although a conflict of authority exists whether compensation for one week, one month, or one year is employ-

ment for that period, the employee-at-will rule generally is still the law in Tennessee, and unless plaintiff made a counter-promise to work for a specified period, the employment contract was for an "indefinite hiring." *Savage, supra,* 228 S.W.2d at 124. *See also Garrison v. Lannom Manufacturing Co.*, 55 Tenn.App. 419, 402 S.W.2d 462 (1965); *Whittaker, infra.*

Plaintiff in this case alleges no promise by him to work for defendants until retirement, nor does he allege an implied contract corresponding to any compensation period. Thus, no material issue of fact exists on plaintiff's breach of contract claim and this Court grants partial summary judgment to defendants on that claim as a matter of law.

#### (b) Tortious Discharge

■ Plaintiff cites California cases to support his alleged action for tortious discharge. These cases recognize a tort cause of action for wrongful discharge in situations in which the discharge violates public policy. *See, e.g., Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). Tennessee courts, however, do not recognize a cause of action for tortious discharge. The court in *Whittaker v. Care-More, Inc.*, 621 S.W.2d 395 (Tenn.App.1981) (appeal to Tennessee Supreme Court denied September 14, 1981), discusses specifically the tortious discharge theory and rejects this theory as a cause of action under Tennessee law.[11] Upholding the employee-at-will rule that a contract for

---

9. In *Grant v. Atlas Powder Co.*, a wrongful discharge action, although jurisdiction was claimed by reason of diversity of citizenship, the complaint did not state the citizenship of either plaintiff or defendant, or facts for determining which state's law should be applied. The court in *Grant* assumed that the law of the state in which the action was filed would be applicable. 241 F.2d at 715.

10. Plaintiff in his Brief in Support of Motion to Amend argues that defendants expressly and impliedly promised him that "if he continued to perform his job duties satisfactorily, he would continue to work until his normal retirement age (65) and be entitled to receive and enjoy all the benefits of his employment."

11. After expressing reservations about defining a cause of action with a phrase as vague and amorphous as "against public policy," the court in *Whittaker* noted:

It is not the province of this court to change the law.... That prerogative lies with the supreme court or the legislature. However, based upon our review of this area of the law we are compelled to note that any substantial change in the "employee-at-will" rule should first be microscopically analyzed regarding its effect on the commerce of this state.

621 S.W.2d at 396.

employment for an indefinite term is a contract at will and can be terminated by either party at any time without cause, the court in *Whittaker* states that it is "aware that the doctrine [employee-at-will] is and has been attacked under both contract and tort theories," but that the doctrine "is still viable in Tennessee, except where modified by statute." *Whittaker, supra,* at 396. Accordingly, this Court dismisses plaintiff's tortious discharge allegation for failure to state a claim under Tennessee law.

### B. Additional Relief

■ Plaintiff's motion to amend his complaint to request the additional relief of reinstatement or, in the alternative, damages in lieu thereof, is granted.[12] Reinstatement clearly is a proper remedy under ADEA § 626(b).[13] Defendants contend that damages including future bonuses, raises, and advancements are improper elements of relief under the ADEA. The ADEA, however, provides in section 626(b) that the court may award "such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter." In addition, section 626(b) also authorizes an award of liquidated damages in the case of a willful violation, and these damages are left to the court's discretion. Whether the damages requested by plaintiff are recoverable under this section depends on the factual circumstances of his case and thus is inappropriate for summary judgment at this time. Accordingly, any motion by defendants for summary judgment on the issue of reinstatement and future damages is denied.

### II. Defendants' Motion to Dismiss and for Partial Summary Judgment

#### A. Motion to Dismiss Complaint or for Judgment on the Pleadings

■ Plaintiff states in his complaint that he is within the protected age category, that he was discharged and replaced by a younger person, and that he was able to do the work required of the position from which he was discharged. Thus, plaintiff's complaint states a cause of action under the ADEA. *Carpenter v. Continental Trailways,* 446 F.Supp. 70 (E.D.Tenn.1978). In addition, material issues of fact remain undecided, including but not limited to whether plaintiff's age was a determining factor in his discharge, whether the reason defendants give for discharging plaintiff is legitimate, and whether defendants acted with discriminatory intent. Accordingly, this Court denies defendants' motion to dismiss the complaint or for judgment on the pleadings.

#### B. Motion for Partial Summary Judgment on Damages for Pain and Suffering

■ Plaintiff requests damages for pain and suffering and emotional distress under two theories. First, he urges the Court to find that damages for pain and suffering are recoverable under the ADEA; and second, he requests these damages under his tortious discharge claim. However, plain-

---

**12.** Defendants in several of their briefs argue that plaintiff should not be given leave to amend his complaint to request reinstatement or damages in lieu thereof because of dicta found in *Wehr v. Burroughs Corp.,* 619 F.2d 276 (3d Cir.1980). The court in *Wehr* rejected consideration of the issue of damages in lieu of reinstatement under the ADEA because plaintiff in that case failed to request reinstatement in his complaint or at pretrial conference. Defendants in this action allege that plaintiff similarly denied any claim to reinstatement at pretrial conference. Plaintiff contends that he only stated that he had not up to then sought reinstatement. This Court, however, is not bound by the court's decision in *Wehr.* Under Rule 15(a), Fed.R.Civ.P., this Court has the

discretion to allow plaintiff to amend his complaint and "leave shall be freely given when justice so requires."

**13.** Section 626(b) provides in part:

In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

tiff's tortious discharge claim has been dismissed, and this Court now holds in accordance with *Hill v. Spiegel, Inc.,* 708 F.2d 233 (6th Cir.1983)[14] that damages for pain and suffering and emotional distress are not recoverable under the ADEA.

The ADEA does not allow or preclude expressly damages for pain and suffering. Section 626(b) provides that the court may "grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter." This broad language, however, is limited by its introductory sentence, which states that its provisions shall be enforced in accordance with the enforcement provisions of the Fair Labor Standards Act [FLSA]. Courts universally have interpreted the FLSA to preclude damages for pain and suffering. *Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684, 685–86 (7th Cir. 1982). Congress is presumed to have been aware when drafting the ADEA enforcement provision in accordance with the FLSA enforcement provision, that damages for pain and suffering were not recoverable under the FLSA provision. *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Moreover, the silence of the ADEA on the subject of damages for pain and suffering coupled with the ADEA provision for liquidated damages in cases of willful discrimination further support the conclusion that Congress intended to deny recovery for pain and suffering in an ADEA action. In addition, the uncertainty that recovery for pain and suffering would add to an estimation of damages could hamper the ADEA administrative conciliation process and thereby frustrate the remedial purposes of the Act. *See Fiedler v. Indianhead Truck Line, supra,* at 810.

For the foregoing reasons this Court holds that damages for pain and suffering are not recoverable in an ADEA action and thus grants defendants' motion for partial summary judgment on that issue.

Plaintiff's original complaint except as it requests damages for pain and suffering and emotional distress, the jurisdictional amendment to the complaint as set out in paragraph 1 of plaintiff's Amendment to Complaint accompanying his first Motion to Amend Complaint, and plaintiff's request for reinstatement, injunctive relief, or in the alternative damages, as set out in his Motion to Further Amend Complaint, remain before this Court.

---

**14.** In *Hill v. Spiegel,* the Sixth Circuit Court of Appeals agreed with all seven Circuit Courts of Appeal that previously have considered the issue and held that damages for pain and suffering are not recoverable under the ADEA. *See Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684 (7th Cir.1982); *Fiedler v. Indianhead Truck Lines, Inc.,* 670 F.2d 806 (8th Cir.1982); *Naton v. Bank of California,* 649 F.2d 691 (9th Cir.1981); *Slatin v. Stanford Research Institute,* 590 F.2d 1292 (4th Cir.1979); *Vazquez v. Eastern Air Lines, Inc.,* 579 F.2d 107 (1st Cir.1978); *Rogers v. Exxon Research and Engineering Co.,* 550 F.2d 834 (3d Cir.1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Dean v. American Security Insurance Co.,* 559 F.2d 1036 (5th Cir.1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978). The court in *Hill v. Spiegel* did not elaborate on the reasons for its holding other than to state that it found the reasoning as set forth in the opinions of its sister circuits to be "thorough and persuasive." 708 F.2d at 235.